**FILED**
**United States Court of Appeals**
**Tenth Circuit**

### UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**May 28, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————

In re: EDWARD LEON FIELDS, JR.,

    Movant.

No. 20-7026
(D.C. Nos. 6:03-CR-00073-RAW-1 &
6:10-CV-00115-RAW)
(E.D. Okla.)

———————————————————

### ORDER

———————————————————

Before **HOLMES**, **MORITZ**, and **EID**, Circuit Judges.

———————————————————

Movant, Edward Leon Fields, Jr., proceeding through counsel, seeks authorization to file a second or successive 28 U.S.C. § 2255 motion in the district court so he may challenge his convictions and sentence under 18 U.S.C. § 924(c). *See* 28 U.S.C. §§ 2255(h), 2244(b)(3).

Movant was convicted of two counts of using a firearm in relation to a crime of violence under 18 U.S.C. § 924(c). He alleges that the underlying offense qualified as a "crime of violence" only as that term is defined in § 924(c)(3)'s residual clause. The Supreme Court invalidated this clause as unconstitutionally vague in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

To obtain authorization, Movant must make a prima facie showing that his second or successive § 2255 motion meets the gatekeeping requirements of § 2255(h). 28 U.S.C. § 2244(b)(3)(C); *see also United States v. Murphy*, 887 F.3d 1064, 1067 (10th Cir.), *cert. denied*, 139 S. Ct. 414 (2018). In assessing this showing, we do not consider the merits

of the second or successive motion.[1]  *See In re Barrett*, 840 F.3d 1223, 1227 (10th Cir. 2016); *Ochoa v. Sirmons*, 485 F.3d 538, 544 (10th Cir. 2007).  A motion may be authorized under § 2255(h)(2) if it relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *Davis* announced a new rule of constitutional law that the Court made retroactive to cases on collateral review through the combination of its holdings in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), and *Davis*.  *See In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019).

Accordingly, we grant Movant authorization to file a second or successive § 2255 motion in district court challenging his § 924(c) convictions and sentence under *Davis*. In the interest of justice, we direct the Clerk pursuant to 28 U.S.C. § 1631 to transfer the now-authorized successive § 2255 motion to the district court for the Eastern District of Oklahoma for filing as an authorized successive § 2255 motion.  The filing date for the authorized § 2255 motion is May 26, 2020, the date the motion for authorization was filed in this court.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

[1] In limiting our consideration of this motion to the requirements of § 2255(h), we do not consider the existence or applicability of any plea-agreement waiver that may have been executed.  We leave that and other merits considerations for the district court.